UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                                           :

                                                                :       Chapter 7

THE MOYER GROUP, INC.,                                          :

                                                                :       Case No. 16-10261 (MG)

        Debtor.                                               :

                                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                                                                :

JOHN S. PEREIRA, as Chapter 7 Trustee for                      :       ADV. PRO. NO. 18-01011 (MG)
the estate of The Moyer Group, Inc.,                           :

                                                                :

        Plaintiff,                                            :

                                                                :

v.                                                              :

                                                                :

FRENKEL BENEFITS, LLC, ROBERT ROGERS,                          :
THE ESTATE OF HENRY S. MOYER, JR.,                             :
NANCY MOYER, INDIVIDUALLY AND AS                               :
PERSONAL REPRESENTATIVE OF THE ESTATE                          :
OF HENRY S. MOYER, JR. AND LISA SAEZ                           :
A/K/A LISA SAEZ-WOLCHUCK,                                       :

                                                                :

        Defendants.                                           :

                                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## **AMENDED COMPLAINT**

       Plaintiff John S. Pereira (the "Plaintiff" or "Trustee"), the duly appointed chapter 7

trustee for the estate of The Moyer Group, Inc. (the "Debtor"), in the above-captioned chapter 7

bankruptcy case (the "Bankruptcy Case"), for his amended complaint (the "Complaint") against

Defendants Frenkel Benefits, LLC ("Frenkel"), Robert Rogers ("Rogers"), the Estate of Henry S.

Moyer, Jr. (the "Moyer Estate"), Nancy Moyer, individually and as personal representative of the

estate of Moyer ("N. Moyer"), and Lisa Saez a/k/a Lisa Saez-Wolchuck ("Saez," together with

Frenkel, Rogers, Moyer Estate and N. Moyer, the "Defendants"), respectfully alleges, upon

knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

1.      In accordance with sections 502(d), 542(a) and (e), 544, 547, 548, 549, 550 and 551 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), sections 273 through 276 of the New York Debtor and Creditor Law ("N.Y. Debt. & Cred. Law"), Rules 7001(1), 7003, and 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee, by this Complaint, commences this action (the "Adversary Proceeding"): (i) to avoid and recover the preferential and fraudulent transfers of assets made by and/or received by the Defendants; (ii) to recover damages for Defendants' unjust enrichment; (iii) to recover damages from Defendants' for actual fraud; (iv) to recover damages for Defendants' Moyer's and N. Moyer's breach of their fiduciary duties to the Debtor, and (v) for an accounting and turnover, or the value thereof.

## PARTIES

2.      The Trustee is the duly appointed chapter 7 trustee of the Debtor's estate pursuant to his appointment in this Bankruptcy Case by the U.S. Bankruptcy Court for the Southern District of New York (the "Court") on or about February 4, 2016, and has an address at 641 Lexington Avenue, 13th Floor, New York, New York 10022.

3.      Defendant Frenkel is, upon information and belief, a New York limited liability company with its principal place of business located at 350 Hudson Street, New York, New York 10014.

4.      Rogers is an individual and resident of the State of New Jersey with a last known address at 282 Gardner Road, Ridgewood, New Jersey 07450.  At all relevant times, Rogers was an insider, officer and principal of the Debtor.

2

5.      Henry S. Moyer, Jr. ("Moyer") was an insider, officer, principal and sole shareholder of the Debtor. Moyer is deceased and passed away on April 25, 2017.  All claims against Moyer are being asserted against the Moyer Estate.

6.      N. Moyer is an individual and resident of the State of Florida with a last known address at 177 Regatta Drive, Jupiter, Florida 33477.  N. Moyer was the wife of Moyer and is also the personal representative of the Moyer Estate and an insider and director of the Debtor.

7.      Saez is an individual and resident of the State of New York with a last known address at 865 Haynes Street, Baldwin, New York 11510. Saez is a former employee of the Debtor.

## JURISDICTION AND VENUE

8.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (H) because it arises in or under the Debtor's chapter 7 Bankruptcy Case, which is currently pending before this Court.

9.      Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this Adversary Proceeding.  Moreover, Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10.     Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409(a) because it arises in and is related to the Debtor's Bankruptcy Case.

11.     This adversary proceeding is brought pursuant to Bankruptcy Code §§ 101, 105(a), 542, 544, 547, 548, 549, 550 and 551 and N.Y. Debt. & Cred. Law §§ 273 through 276;

3

45107561;1

Rules 7001, 7003 and 7008 of the Bankruptcy Rules, and other applicable state law, as described below.

## **FACTUAL BACKGROUND**

### **A. THE FRAUDULENT SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FOR LESS THAN REASONABLY EQUIVALENT VALUE WHEN THE DEBTOR WAS INSOLVENT**

12.    On February 3, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United State Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

13.    On or about February 4, 2016, the Trustee was appointed as the chapter 7 trustee for the Debtor's estate.

14.    The Debtor is a New York corporation that was formed in 1999 by Moyer, who was the sole shareholder of the Debtor. At all times relevant herein, the Debtor was engaged in the business of selling employee benefits insurance to individual and commercial customers.

15.    On or about June 03, 2014, TWG Insurance Agency, LLC d/b/a The Westport Group filed a complaint against the Debtor in the Superior Court of the Commonwealth of Massachusetts captioned *In re: TWG Insurance Agency, LLC v. The Moyer Group, Inc.*, Civil Action No. 2014-1777 (the "TWG Action").

16.    TWG, in the TWG Action, sought damages from the Debtor in excess of $3 million for the Debtor's alleged breach of a non-disclosure agreement. According to TWG, certain employees of the Debtor disclosed confidential materials to TWG's competitors related to insurance products developed by TWG.

4

17.     Based on the value of the claims set forth in the TWG Action, the Debtor was insolvent no later than June 03, 2014.

18.     Shortly after the Debtor's insolvency, Moyer, together with Rogers, agreed to sell substantially all of the Debtor's assets. This sale was designed to personally profit the Debtor's insiders, Moyers and Rogers, at the expense of creditors.

19.     On or about October 28, 2014, the Debtor, Moyer, and Rogers entered into an Asset Purchase Agreement (the "APA"),[1] as sellers, for substantially all of the Debtor's assets, tangible and intangible, to Frenkel, as Buyer, in exchange for $2,320,000 and an earn-out (the "Asset Sale").

20.     The earn-out was based on Frenkel's earnings from the Debtor's clients from months 13 to 24 after the APA Closing (the "EOP TMG Revenues").

21.     Although all of the Acquired Assets sold to Frenkel belonged to the Debtor, the APA was structured to defraud the Debtor's creditors by incorrectly claiming that part of the Debtor's Goodwill sold to Frenkel belonged to Moyer and Rogers, instead of the Debtor.

22.     Pursuant to the APA, Frenkel paid to Moyer, in his individual capacity, approximately $928,000, and approximately $555,000 to Rogers in his individual capacity in consideration for the Debtor's Goodwill (the "Goodwill Transfers").

23.     The Trustee contends that any Goodwill acquired by Frenkel pursuant to the APA actually belonged to the Debtor and not to Moyer or Rogers, notwithstanding that the APA describes the goodwill as belonging to them.

24.     The closing for the Asset Sale took place on November 1, 2014.

---

[1] Any capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the APA.

25.    The Asset Sale was months after the TWG Action was filed and Moyer and Rogers had been put on notice of the extent of the liabilities against the Debtor.  Thus, Moyer and Rogers knew that the Debtor was insolvent and participated in the Asset Sale with actual intent to hinder, delay, or defraud the Debtor's creditors.

26.    The Debtor received only approximately $837,000 from the sale of its assets, even though the value of those assets was significantly greater.  The $837,000 paid by Frenkel to the Debtor was less than a reasonably equivalent value in exchange for the assets purchased.

27.    Frenkel did not provide adequate consideration to the Debtor in exchange for the Debtor's assets it purchased in the Asset Sale.

28.    At the time of the Asset Sale, the value of the Debtor's assets far exceeded $837,000.  Moyer and Rogers knew or reasonably should have known that the Debtor was already insolvent or would be rendered insolvent as a result of the Asset Sale.

29.    As part of the Asset Sale, Moyer and Rogers received payments from Frenkel, for approximately $928,000 and $555,000, respectively, in their individual capacities for goodwill that belonged to the Debtor.

30.    In the Goodwill Transfers, Frenkel paid $1,483,000 to Moyer and Rogers for the Debtor's goodwill. Because the Debtor received nothing for its goodwill, the Debtor received less than a reasonably equivalent value as a result of the Goodwill Transfers.

31.    As part of the Asset Sale, on or after January 6, 2017, Moyer was paid a "Final Payment," as defined in the APA, from Frenkel of $294,807.04, based on the EOP TMG Revenues. This transfer occurred after the Debtor filed its petition in bankruptcy, and without authority from this Court.

6

32.    The Final Payment was generated from clients that belonged to the Debtor and transferred to Frenkel pursuant to the APA.

33.    The Final Payment made by Frenkel to Moyer provided no consideration to the Debtor and the Debtor received less than a reasonably equivalent value in exchange for the transfer of its clients to Frenkel.

## B.  MOYER'S BREACH OF HIS FIDUCIARY DUTIES AND OTHER FRAUDULENT TRANSFERS

34.    In the period between 2012 through 2015, Moyer was engaged in a pattern of writing off his personal debts to the Debtor, altering the Debtor's financial statements to reflect inaccurate balances based on those write-offs, and in making transfers to the Defendants, for no consideration, which defrauded the Debtor's creditors.

35.    Between 2012 through 2015, Moyer was the sole shareholder of the Debtor and owed a fiduciary duty to the Debtor.

36.    Between 2012 through 2015, Moyer retained authority over the Debtor's accounts payable, with the ability to determine which payables would be paid and/or the order of payment.

37.    Between 2012 through 2015, Moyer also retained the authority to review and approve the Debtor's financial records, to execute any agreement or contract for or on behalf of the Debtor, to participate in the day-to-day decision making of the Debtor's business operations, to issue credits or price adjustments to the Debtor's customers for product delivered pursuant to the Debtor's contracts, and to dispose of, transfer, spend, payout, and liquidate the Debtor's assets.

45107561;1

### a) Writing-Off Debt for No Consideration

38.    In 2014, Moyer eliminated from the Debtor's accounts approximately $21,285.00 in debt owed by Rogers to the Debtor without Rogers making any payments or providing adequate, if any, consideration while the Debtor was insolvent (the "Rogers Write-off").

39.    Between 2014-2015 Moyer eliminated from the Debtor's accounts approximately $313,571.95 in personal debts owed by him and other insiders to the Debtor without making any payments or providing adequate, if any, consideration while the Debtor was insolvent (the "Moyer Write-off").

40.    Between 2014-2015 Moyer eliminated from the Debtor's accounts approximately $195,399.33 in assets and/or debts for no consideration, which includes N. Moyer's withdrawal of $8,550 ((the "Moyer Asset Write-off").

### b) Other Transfers of the Debtor's Funds to Insiders

41.    In 2015, Moyer caused the Debtor to make $220,759.96 in personal distributions to himself when the Debtor was insolvent (the "Moyer Transfers").

42.    Between 2014 and 2015, Moyer allowed N. Moyer to withdraw from the Debtor's accounts at least $8,550 for her own personal use while the Debtor was insolvent (the "N. Moyer Transfers").

43.    In 2015, while the Debtor was insolvent, the Debtor made payments, on account of antecedent debts, totaling $30,000 to Saez (the "Saez 2015 Transfers").

44.    Within one year of the petition date, while the Debtor was insolvent, the Debtor made a payment, on account of antecedent debts, for $1,067.63 to Rogers (the "Rogers Transfer").

45.     Within ninety (90) days of the petition date, while the Debtor was insolvent, the Debtor made a payment, on account of an antecedent debt, equaling $7,500 to Saez (the "Saez Preferential Transfer").

## FIRST CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfers –Sections 544(b) and 551 of the Bankruptcy Code)

46.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

47.     The Goodwill Transfers, the Final Payment transfer, the Moyer Transfers, the N. Moyer Transfers, the Saez 2015 Transfers, the Saez Preferential Transfer, the Rogers Transfer, the Moyer Asset Write-off, the Rogers Write-off,  and the Moyer Write-off (together the "Transfers"), as set forth above, were done with the actual intent to hinder, delay or defraud the Debtor's estate and its creditors.

48.     To the extent the Defendants are deemed to be the initial transferees of the Transfers, the transfers were made to insiders of the Debtor.

49.     The Debtor did not receive reasonable consideration equivalent to the value of the Transfers.

50.     The Debtor was insolvent at the time of the Transfers.

51.     Upon information and belief, at the time of the Transfers, the Defendants intended to incur, or reasonably should have believed that it would incur, debts that were beyond the Debtor's ability to pay as those debts became due.

52.     Based on those fraudulent conveyances, the Trustee seeks damages, as well as attorneys' fees and/or to avoid and set aside the conveyance.

45107561;1

53.     By reason of the foregoing, the Trustee is entitled to a judgment against the Defendants avoiding and preserving the Transfers and recovering the Transfers from the Defendants for the benefit of the Debtor's estate, and recovering reasonable attorney's fees.

### SECOND CLAIM FOR RELIEF
**(Against Rogers and Saez - Avoidance and Recovery of Preferential Transfers Pursuant to Section 547(b) and Section 550 of the Bankruptcy Code)**

54.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

55.     This is an action to avoid and recover certain transfers of property pursuant to 11 U.S.C. § 547.

56.     11 U.S.C. § 547 provides, in relevant part:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

*See* 11 U.S.C. § 547(b).

57.     During the one (1) year (the "Rogers Preference Period") before the Debtor's bankruptcy petition was filed, the Debtor made the Rogers Transfer in an amount of $1,067.63, (the "Rogers Preferential Payment") to Rogers, which constitute recoverable preferential payments within the meaning of Section 547 of the Bankruptcy Code.

10

58.     During the ninety (90) days (the "Saez Preference Period") before the Debtor's bankruptcy petition was filed, the Debtor made the Saez Preferential Transfer in an amount of $7,500.00, (the "Saez Preferential Payment" and together with the Rogers Preferential Payments, the "Preferential Payments") to Saez, which constitute recoverable preferential payments within the meaning of Section 547 of the Bankruptcy Code.

59.     At the time of the Preferential Payments were made, the Debtor's assets were substantially less than its liabilities.

60.     The Preferential Payments were made while the Debtor was insolvent.  Pursuant to Section 547 of the Bankruptcy Code, the Debtor is presumed to have been insolvent on and during the ninety (90) days, or one (1) year for insider, immediately preceding the Petition Date.

61.     The Preferential Payments enabled Rogers and Saez to receive more than they would have received if (i) the Preferential Payments had not been made, and (ii) Rogers and Saez received payments of such a debt to the extent provided by the provisions of the Bankruptcy Code.

62.     By reason of the foregoing, the Trustee is entitled to an order and judgment: (i) avoiding the Preferential Payments under section 547(b) of the Bankruptcy Code, and (ii) recovering the Preferential Payments from the Defendants under section 550(a) of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment.

63.     By reason of the foregoing, the Trustee is entitled to recover $1,067.63 from Defendant Rogers and $7,500 from Defendant Saez.

45107561;1

## THIRD CLAIM FOR RELIEF
### (Against All Defendants - Avoidance of Fraudulent Transfers –Sections 548, 550 and 551 of the Bankruptcy Code- Actual Fraud)

64.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

1.     11 U.S.C. § 548(a)(1)(A) provides:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted … [.]

*See* 11 U.S.C. § 548(a)(1)(A).

65.     In regards to the Goodwill Transfers, Moyer caused the Debtor to transfer its goodwill to Frenkel for no consideration and Frenkel, in turn, paid approximately $928,000 to Moyer, and approximately $555,000 to Rogers, for the Debtor's goodwill. Moyer caused the Debtor to enter into the APA and directed Frenkel to pay Moyer and Rogers with the actual intent to hinder, delay, or defraud the Debtor's creditors.

66.     In regards to the Moyer Transfers, the N. Moyer Transfers, the Saez 2015 Transfers, the Saez Preferential Transfer, the Rogers Transfer, the Moyer Asset Write-off, the Rogers Write-off, and the Moyer Write-off, Moyer caused the Debtor to make those transfers to himself or other insiders of the Debtor, for no consideration, with the actual intent to hinder, delay, or defraud the Debtor's creditors.

67.     The Debtor was insolvent on the date of the Goodwill Transfers, the Final Payment transfer, the Moyer Transfers, the N. Moyer Transfers, the Saez 2015 Transfers, the

Saez Preferential Transfer, the Rogers Transfer, the Moyer Asset Write-off, the Rogers Write-off, and the Moyer Write-off, were made or became insolvent as a result of these transfers.

68.     By reason of the foregoing, the Trustee is entitled to recover the following:

a.    $928,000 from Defendants Moyer and Frenkel, jointly and severally, on account of the Goodwill Transfers;

b.   $555,000 from Defendants Moyer, Rogers, and Frenkel, jointly and severally, on account of the Goodwill Transfers;

c.   $294,807.04 from Defendant Moyer and Frenkel, jointly and severally, on account of the Final Payment transfer;

d.   $220,759.96 from Defendant Moyer on account of the  Moyer Transfers;

e.   $8,550 from Defendants Moyer and  N. Moyer, jointly and severally,  on account of the N. Moyer Transfers;

f.   $30,000.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez 2015 Transfers;

g.    $1,067.63 from Defendants Moyer and Rogers, jointly and severally, on account of the Rogers Transfer;

h.   $7,500.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez Preferential Transfer;

i.   $21,285.00 from Defendant Moyer and Rogers, jointly and severally, on account of the Rogers Write-off;

j.   $313,571.95 from Defendant Moyer on account of the Moyer Write-off; and

k.   $195,399.33 from Defendant Moyer on account of the Moyer Asset Write-off.

69.     The Trustee is entitled to recover the above listed fraudulent transfers or the value of these transfers in an amount equal to each transfer from the Defendants under section 550(a) of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment.

## FOURTH CLAIM FOR RELIEF
### (Against All Defendants - Avoidance of Fraudulent Transfers –Sections 548, 550 and 551 of the Bankruptcy Code- Constructive Fraud)

70.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

71.     11 U.S.C. § 548(a)(1)(B) provides:

(a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(B)
(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)
(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

*See* 11 U.S.C. § 548(a)(1)(B).

45107561;1

72.    The Goodwill Transfers, the Final Payment transfer, the Moyer Transfers, the N. Moyer Transfers, the Saez 2015 Transfers, the Saez Preferential Transfer, the Rogers Transfer, the Moyer Asset Write-off, the Rogers Write-off, and the Moyer Write-off,    were all made within 2 years of the Petition date, while the Debtor was insolvent or became insolvent as a result of the transfers. The Debtor also received less than reasonably equivalent value as a result of these transfers.

73.    By reason of the foregoing, the Trustee is entitled to recover the following:

   a.    $928,000 from Defendants Moyer and Frenkel, jointly and severally, on account of the Goodwill Transfers;

   b.    $555,000 from Defendants Moyer, Rogers, and Frenkel, jointly and severally, on account of the Goodwill Transfers;

   c.    $294,807.04 from Defendant Moyer and Frenkel, jointly and severally, on account of the Final Payment transfer;

   d.    $220,759.96 from Defendant Moyer on account of the Moyer Transfers;

   e.    $8,550 from Defendants Moyer and N. Moyer, jointly and severally, on account of the N. Moyer Transfers;

   f.    $30,000.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez 2015 Transfers;

   g.    $1,067.63 from Defendants Moyer and Rogers, jointly and severally, on account of the Rogers Transfer.

   h.    $7,500.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez Preferential Transfer;

45107561;1

     i.   $21,285.00 from Defendant Moyer and Rogers, jointly and severally, on account of the Rogers Write-off;

     j.   $313,571.95 from Defendant Moyer on account of the Moyer Write-off; and

     k.   $195,399.33 from Defendant Moyer on account of the Moyer Asset Write-off.

74.    The Trustee is entitled to recover the above listed fraudulent transfers or the value of these transfers in an amount equal to each transfer from the Defendants under section 550(a) of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment.

**FIFTH CLAIM FOR RELIEF**
**(Against Moyer and Frenkel–Avoidance of Post-Petition Transactions**
**–Sections 549, 550 and 551 of the Bankruptcy Code)**

75.    The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

76.    After the Debtor's bankruptcy petition was filed, Defendant Moyer received the Final Payment due to the Debtor pursuant to the APA totaling $294,807.04, which Final Payment was not authorized by the Court and is in direct violation of section 549(a) of the Code and is subject to avoidance.

77.    The Final Payment was owed by Frenkel to the Debtor pursuant to the APA. The Final Payment was made outside of the normal course of business of the Debtor. Frenkel made the outside payment to Moyer, although it was owed to the Debtor, without authority from this or any other Court, without notice or a hearing. Therefore, the Trustee is entitled to recover the Final Payment, or the value thereof, jointly and severally, from Defendants Moyer and Frenkel pursuant to section 550(a) of the Bankruptcy Code.

45107561;1

78.     By reason of the foregoing, the Trustee is entitled to recover on behalf of Debtor's estate the Final Payment or the value of the Final Payment from Defendants Moyer and Frenkel under section 550(a) of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment.

## SIXTH CLAIM FOR RELIEF
### (Disallowance of Claims – Section 502(d) of the Bankruptcy Code)

79.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

80.     The Defendants are transferees of Transfers avoidable pursuant to sections 544, 547, 548 and/or 549 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

81.     The Defendants have not paid the amount of the Transfers or turned over such property for which the Defendants are liable under section 550 of the Bankruptcy Code.

82.     Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendants against the Debtor must be disallowed until such time as the Defendants pay the Plaintiff the amount equal to the aggregate amount of all of the Transfers, plus interest thereon.

## SEVENTH CLAIM FOR RELIEF
### (Against All Defendants – Avoidance and Preservation of the Transfer of Debtor's Assets Pursuant to Section 273 of the New York Debtor & Creditor Law)

83.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

84.     The Defendants are the recipient of assets of Debtor pursuant to the Transfers.

85.     Debtor did not receive fair, if any, consideration for the transfer of Debtor's assets.

45107561;1

86.     At the time of the Transfers of Debtor's assets, Debtor was insolvent, or, in the alternative, became insolvent as a result of the transfer.

87.     The Transfers constituted a fraudulent conveyance in violation of section 273 of the New York Debtor and Creditor Law (the "N.Y. Debt. & Cred. Law").

88.     By reason of the foregoing, the Trustee is entitled to judgment against Defendants, pursuant to Section 273 of the N.Y. Debt. & Cred. Law (a) avoiding, preserving and recovering the Transfers, (b) directing that the Transfers be set aside, or (c) alternatively, awarding the Trustee judgment in the amount of the value of the Transfers.

89.     By reason of the foregoing, the Trustee is entitled to recover the following:

    a.     $928,000 from Defendants Moyer and Frenkel, jointly and severally, on account of the Goodwill Transfers;

    b.     $555,000 from Defendants Moyer, Rogers, and Frenkel, jointly and severally, on account of the Goodwill Transfers;

    c.     $294,807.04 from Defendant Moyer and Frenkel, jointly and severally, on account of the Final Payment transfer;

    d.     $220,759.96 from Defendant Moyer on account of the Moyer Transfers;

    e.     $8,550 from Defendants Moyer and N. Moyer, jointly and severally, on account of the N. Moyer Transfers;

    f.     $30,000.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez 2015 Transfers;

    g.     $1,067.63 from Defendants Moyer and Rogers, jointly and severally, on account of the Rogers Transfer;

h.  $7,500.00 from Defendants Moyer and Saez, jointly and severally, on account of

the Saez Preferential Transfer;

i.  $21,285.00 from Defendant Moyer and  Rogers, jointly and severally, on account

of the Rogers Write-off;

j.  $313,571.95 from Defendant Moyer  on account of the Moyer Write-off; and

k.  $195,399.33 from Defendant Moyer on account of the Moyer Asset Write-off.

## EIGHTH CLAIM FOR RELIEF
### (Against All Defendants – Avoidance and Preservation of the Transfer of Debtor's Assets Pursuant to Section 274 of the New York Debtor & Creditor Law)

90.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

91.     Debtor did not receive fair consideration for the transfer of Debtor's assets pursuant to the Transfers.

92.     At the time of the transfer, Debtor was engaged or about to become engaged in a business transaction for which the capital remaining after the transfer would be an unreasonably small amount of capital.

93.     The Transfers of the Debtor's assets constituted a fraudulent conveyance under Section 274 of the N.Y. Debt. & Cred. Law.

94.     By reason of the foregoing, the Trustee is entitled to judgment against Defendants, pursuant to Section 274 of the N.Y. Debt. & Cred. Law (a) avoiding, preserving and recovering the Transfers, (b) directing that the Transfers be set aside, or (c) alternatively, awarding the Trustee judgment in the amount of the value of the Transfers.

95.     By reason of the foregoing, the Trustee is entitled to recover the following:

45107561;1

a.   $928,000 from Defendants Moyer and Frenkel, jointly and severally, on account of the Goodwill Transfers;

b.   $555,000 from Defendants Moyer, Rogers, and Frenkel, jointly and severally, on account of the Goodwill Transfers;

c.   $294,807.04 from Defendant Moyer and Frenkel, jointly and severally, on account of the Final Payment transfer;

d.   $220,759.96 from Defendant Moyer on account of the  Moyer Transfers;

e.   $8,550 from Defendants Moyer and  N. Moyer, jointly and severally,  on account of the N. Moyer Transfers;

f.   $30,000.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez 2015 Transfers;

g.   $1,067.63 from Defendants Moyer and Rogers, jointly and severally, on account of the Rogers Transfer;

h.   $7,500.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez Preferential Transfer;

i.   $21,285.00 from Defendant Moyer and  Rogers, jointly and severally, on account of the Rogers Write-off;

j.   $313,571.95 from Defendant Moyer  on account of the Moyer Write-off; and

k.   $195,399.33 from Defendant Moyer on account of the Moyer Asset Write-off.

## <u>NINTH CLAIM FOR RELIEF</u>
### (Against All Defendants – Avoidance and Preservation of the Transfer of the Debtor's Assets Pursuant to Section 275 of the New York Debtor & Creditor Law)

96.    The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

45107561;1

97.    Debtor did not receive fair consideration for the transfer of Debtor's assets pursuant to the Transfers.

98.    At the time of the Transfers, Debtor incurred, was intending to incur, or believed it would incur debts beyond its ability to pay as they matured.

99.    The Transfers of Debtor's assets constituted a fraudulent transfer under Section 275 of the N.Y. Debt. & Cred. Law.

100.    By reason of the foregoing, the Trustee is entitled to judgment pursuant to Section 275 of the N.Y. Debt. & Cred. Law (a) avoiding, preserving and recovering the Transfers, (b) directing that the Transfers be set aside or (c) alternatively, awarding the Trustee judgment in the amount of the value of the Transfers.

101.    By reason of the foregoing, the Trustee is entitled to recover the following:

   a.    $928,000 from Defendants Moyer and Frenkel, jointly and severally, on account of the Goodwill Transfers;

   b.    $555,000 from Defendants Moyer, Rogers, and Frenkel, jointly and severally, on account of the Goodwill Transfers;

   c.    $294,807.04 from Defendant Moyer and Frenkel, jointly and severally, on account of the Final Payment transfer;

   d.    $220,759.96 from Defendant Moyer on account of the  Moyer Transfers;

   e.    $8,550 from Defendants Moyer and  N. Moyer, jointly and severally,  on account of the N. Moyer Transfers;

   f.    $30,000.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez 2015 Transfers;

21

    g.   $1,067.63 from Defendants Moyer and  Rogers, jointly and severally, on account of the Rogers Transfer;

    h.   $7,500.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez Preferential Transfer;

    i.   $21,285.00 from Defendant Moyer and  Rogers, jointly and severally, on account of the Rogers Write-off;

    j.   $313,571.95 from Defendant Moyer  on account of the Moyer Write-off; and

    k.   $195,399.33 from Defendant Moyer on account of the Moyer Asset Write-off.

## <u>TENTH CLAIM FOR RELIEF</u>
**(Against All Defendants – Avoidance and Preservation of the Transfer of the Debtor's Assets Pursuant to Section 276 of the New York Debtor & Creditor Law)**

102.     The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

103.     The Transfers were all made with Moyer's actual intent to hinder, delay, or defraud either present or future creditors.

104.     The Transfers of Debtor's assets constituted an actual fraudulent transfer under Section 276 of the N.Y. Debt. & Cred. Law.

105.     By reason of the foregoing, the Trustee is entitled to judgment pursuant to Section 276 of the N.Y. Debt. & Cred. Law (a) avoiding, preserving and recovering the Transfers, (b) directing that the Transfers be set aside or (c) alternatively, awarding the Trustee judgment in the amount of the value of the Transfers.

106.     Also by reason of the foregoing, the Trustee is entitled to the recovery of reasonable attorney's fees pursuant to Section 276-A of the N.Y. Debt & Cred. Law.

107.     By reason of the foregoing, the Trustee is entitled to recover the following:

45107561;1

a.  $928,000 from Defendants Moyer and Frenkel, jointly and severally, on account of the Goodwill Transfers;

b.  $555,000 from Defendants Moyer, Rogers, and Frenkel, jointly and severally, on account of the Goodwill Transfers;

c.  $294,807.04 from Defendant Moyer and Frenkel, jointly and severally, on account of the Final Payment transfer;

d.  $220,759.96 from Defendant Moyer on account of the  Moyer Transfers;

e.  $8,550 from Defendants Moyer and  N. Moyer, jointly and severally,  on account of the N. Moyer Transfers;

f.  $30,000.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez 2015 Transfers;

g.   $1,067.63 from Defendants Moyer and Rogers, jointly and severally, on account of the Rogers Transfer;

h.  $7,500.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez Preferential Transfer;

i.  $21,285.00 from Defendant Moyer and  Rogers, jointly and severally, on account of the Rogers Write-off;

j.  $313,571.95 from Defendant Moyer  on account of the Moyer Write-off; and

k.  $195,399.33 from Defendant Moyer on account of the Moyer Asset Write-off.

## ELEVENTH CLAIM FOR RELIEF
### (Against All Defendants – Unjust Enrichment)

108.    The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

23

109.   Defendants have taken the value and benefit of the assets and proceeds of Debtor's business.

110.   Defendants, therefore, have been unjustly enriched at the expense of Debtor's estate.

111.   By reason of the foregoing, the Trustee is entitled to recover on behalf of Debtor's estate damages for the diminished value of Debtor's business (and its assets and proceeds) while held and operated by Defendants in the following amounts:

  a.  $928,000 from Defendants Moyer and Frenkel, jointly and severally, on account of the Goodwill Transfers;

  b.  $555,000 from Defendants Moyer, Rogers, and Frenkel, jointly and severally, on account of the Goodwill Transfers;

  c.  $294,807.04 from Defendant Moyer and Frenkel, jointly and severally, on account of the Final Payment transfer;

  d.  $220,759.96 from Defendant Moyer on account of the  Moyer Transfers;

  e.  $8,550 from Defendants Moyer and  N. Moyer, jointly and severally,  on account of the N. Moyer Transfers;

  f.  $30,000.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez 2015 Transfers;

  g.   $1,067.63 from Defendants Moyer and Rogers, jointly and severally, on account of the Rogers Transfer;

  h.  $7,500.00 from Defendants Moyer and Saez, jointly and severally, on account of the Saez Preferential Transfer;

     i.   $21,285.00 from Defendant Moyer and  Rogers, jointly and severally, on account of the Rogers Write-off;

     j.   $313,571.95 from Defendant Moyer  on account of the Moyer Write-off; and

     k.   $195,399.33 from Defendant Moyer on account of the Moyer Asset Write-off.

## TWELFTH CLAIM FOR RELIEF
### (Against Moyer Estate - Breach of Fiduciary Duty)

112.    The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein

113.    Moyer and N. Moyer had a fiduciary relationship with and owed a fiduciary duty to the Debtor.

114.    Moyer and N. Moyer engaged in misconduct and self-dealing in perpetrating the Transfers,  all at a time when the Debtor was insolvent or would be rendered insolvent as a result of those transfers.

115.    The Debtor and its creditors were damaged as a direct result of Moyer's and N. Moyer's misconduct in an amount totaling $2,567,390.91.

## THIRTEENTH CLAIM FOR RELIEF
### (Against Moyer Estate – Accounting and Turnover)

116.    The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

117.    The Trustee is entitled to an accounting as to all of the assets, tangible and intangible, that were sold pursuant to the APA and all proceeds derived by the Debtor, the Defendants, or anyone else,  pursuant to the APA.

45107561;1

118.   The Trustee is also entitled to an accounting of all assets that were not sold pursuant to the APA, and all proceeds derived from all assets that remained with the Debtor after it entered into the APA.

119.   This request for an accounting includes the production of all supporting documents and communications related to these documents, and any further disclosure that this Court deems appropriate.

## FOURTEENTH CLAIM FOR RELIEF
### (Against All Defendants – Turnover)

120.   The Trustee repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth at length herein.

121.   Section 542(a) of the Bankruptcy Code requires that an individual or entity "in possession, custody, or control . . . of property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property or the value of such property." 11 U.S.C. § 542(a).

122.   The APA provides that the "Book of Business" that was sold to Frenkel does not include commission payments payable from time to time on individual life insurance policies and that those commission payments shall remain the property of Seller (the "Commissions"). The Commissions are property of the Debtor's estate and must be turned over to the Trustee.

123.   The Defendants received and retained Commissions, to their own benefit, that belong to the Debtor's estate.

124.   The Trustee requests that this Court enter an order directing the Defendants to turnover any and all Commissions received or paid to them that belong to the Debtor's estate.

45107561;1

## CONCLUSION

125.    The Trustee hereby specifically reserves his rights to amend this Complaint to: (i) include further information regarding the Transfers, (ii) name additional defendants, if any, in this adversary proceeding, and (iii) bring any and all other causes of action that the Trustee may maintain against Defendants, including, without limitation, causes of action arising out of the Transfers, to the extent that discovery in this adversary proceeding or further investigation by the Trustee reveals that such additional transfers or further causes of action (collectively, the "Amendments"), and for the Amendments to relate back to this original Complaint.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A.    Avoiding, preserving, and recovering the Transfers to Defendants;

B.    Ordering  the Defendants to return the amount of the Transfers, plus interest;

C.    Awarding to the Trustee damages against Defendants caused to Debtor's estate by Defendants' unjust enrichment;

D.    Ordering the Moyer Estate to provide (i) an accounting as to all assets sold and revenues received pursuant to the Asset Sale and (ii) all assets not sold in the Asset Sale and retained by the Debtor and all revenues received by the Debtor or anyone else  from all assets retained by the Debtor;

E.    Awarding the Trustee damages against Moyer, the Moyer Estate, and N. Moyer for their breach of their fiduciary duties to the Debtor;

F.    Ordering a turnover to the Trustee of Commissions paid to or received by the Defendants;

G.    Awarding to the Trustee all costs and reasonable attorneys' fees as permitted by law; and

    H.      Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
     May 4, 2018

**AKERMAN LLP**


By:_____ */s/John P. Campo*
        John P. Campo
        Paul Rutigliano
        666 Fifth Ave., 20th Fl.
        New York, NY 10103
        Tel. No. (212) 880-3800
        Fax No. (212) 880-8965
        E-Mail: john.campo@akerman.com
        E-Mail: paul.rutigliano@akerman.com


*Attorneys for Plaintiff John S. Pereira, as Chapter 7*
*Trustee for the Estate of The Moyer Group, Inc.*

45107561;1